IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Property Tax

HARJINDERJIT SINGH,            )
                              )
            Plaintiff,         )    TC-MD 130438C
                              )
      v.                       )
                              )
MARION COUNTY ASSESSOR,        )
                              )
            Defendant.         )    **FINAL DECISION**

The court entered its Decision in the above-entitled matter on November 14, 2013. The court did not receive a request for an award of costs and disbursements (TCR-MD 19) within 14 days after its Decision was entered. The court's Final Decision incorporates its Decision without change.

This matter is before the court on Defendant's request for dismissal (Motion) of Plaintiff's tax year 2012-13 real market value appeal. Defendant's Motion was included in its Answer filed August 7, 2013. The property at issue is classified as personal property and identified in the Assessor's records as Account P119035.

The court held a case management hearing on October 2, 2013. Plaintiff Harjinderjit Singh (Singh) appeared on his own behalf. Defendant was represented by Scott Norris, Assistant County Counsel, Marion County. Also appearing for Defendant was Catherine Green (Green), a Personal Property Technician, Marion County Assessor's Office. Plaintiff advised the court that he wished to address Defendant's Motion during the October 2, 2013, proceeding. Plaintiff was advised that a ruling in Defendant's favor would result in the dismissal of the appeal without the court reaching the question of the value of the subject property. Accordingly, Singh and Green were sworn for the receipt of testimony regarding Defendant's Motion.

## I. STATEMENT OF FACTS

The appeal involves Plaintiff's personal property acquired as part of the purchase of a small grocery store by Plaintiff in 2010 and opened in 2011 after some renovation and a significant downsizing of the area devoted to the newly opened market. Plaintiff has alleged that the real market value should be reduced because some of the items on the personal property return that make up the real market value were disposed of because they were old and either too expensive to repair or at the end of the useful life.

Plaintiff filed the instant appeal seeking a reduction in the real market value directly with this court, without first filing a petition with a Marion County Board of Property Tax Appeals (Board). (Ptf's Complaint at 1.) The appeal was filed August 1, 2013. (*Id.*) Defendant requested that the court dismiss the appeal "because Plaintiff failed to timely file an appeal with the [Board]." (Def's Answer at 1.)

Plaintiff testified that when he bought the property in 2010 much of the equipment was damaged or did not work properly. After trying unsuccessfully to have some of the items repaired, and determining that other items had reached the end of their useful life (much of it refrigeration equipment), Plaintiff disposed of some of the equipment he acquired as part of the purchase of the property (i.e., the building and equipment inside). Plaintiff further testified that he reorganized the interior of the building, a grocery store, into a smaller market. Plaintiff was not sure when he received the property tax statement for the 2012-13 tax year. Greene testified that the statement would have been mailed in October 2012. The court asked Plaintiff why he did not file an appeal with the Board before appealing to the court, and Plaintiff testified that it was a "lack of knowledge" on his part. When pressed by the court, Plaintiff testified that he "went down the wrong path due to a lack of understanding of the process." Upon further

questioning, Singh testified that he ended up appealing to this court on the advice of his father, which he obtained "about six months ago."

## II.  ANALYSIS

Defendant's motion for dismissal raises the question of whether Plaintiff had "good and sufficient cause" for not appealing to the Board before appealing to the Tax Court.

Oregon has a structured appeals system for taxpayers to follow when challenging the real market value assigned to their properties.  The first step in the appeal process is to file a petition with the local county Board where the property is located.  ORS 309.026(2) (authorizing BOPTA to hear petitions for reductions in assessed value, real market value and maximum assessed value), ORS 309.100(1) (authorizing property owners and others with an interest in the property to petition BOPTA for the types of relief allowed under ORS 309.026); ORS 305.275(3) (precluding appeals to the magistrate division of the Tax Court if a taxpayer may appeal to the Board).[1]

Taxpayers are required to file appeals with the appropriate county board by December 31 of the current tax year.  ORS 309.100(2).  This case involves the 2012-13 tax year and the deadline for filing a petition with the Board was December 31, 2012.  *See generally* ORS 308.007 (defining assessment year, tax year, assessment date, etc.).

Ordinarily, a taxpayer who misses the deadline for petitioning the Board is unable to appeal until the next year.  However, the legislature provided taxpayers with several special avenues they could pursue for a reduction in the value of their property notwithstanding the fact that they either petition the Board after the deadline or simply failed to petition the Board at all.

The Tax Court has jurisdiction to hear such matters if the requirements of ORS 305.288 or satisfied. This appeal involves personal property associated with a small neighborhood market.  Because such property "is [not] used primarily as a dwelling," the court only has

_____

[1] The court's references to the Oregon Revised Statutes (ORS) are to 2011.

jurisdiction to consider Plaintiff's appeal if Plaintiff establishes to the court's satisfaction "that good and sufficient cause exists for the failure by the * * * taxpayer to pursue the statutory right of appeal." ORS 305.288(1)(a), (3).

The statute defines "good and sufficient cause" as "an extraordinary circumstance that is beyond the control of the taxpayer * * * and that causes the taxpayer * * * to fail to pursue the statutory right of appeal." ORS 305.288(5)(b)(A). Moreover, the statute excludes "lack of knowledge" from the definition of good and sufficient cause. ORS 305.288(5)(b)(B).

Based on his testimony, Plaintiff does not have good and sufficient cause for not petitioning the Board before appealing directly to this court (i.e., failing to pursue the statutory right of appeal). Plaintiff candidly testified that he "went down the wrong path," and did not timely file a petition with the Board after he received his tax statement because of "lack of knowledge." Accordingly, the court does not have jurisdiction to consider Plaintiff's valuation appeal.

III. CONCLUSION

The court concludes that Defendant's motion for dismissal should be granted because Plaintiff did not appeal to the Board before appealing directly to this court and he does not meet the statutory definition of "good and sufficient cause," leaving the court without jurisdiction to consider the merits of the appeal. Now, therefore,

/ / /

/ / /

/ / /

/ / /

/ / /

IT IS THE DECISION OF THIS COURT that Defendant's motion to dismiss is granted.

IT IS FURTHER DECIDED that Plaintiff's appeal is dismissed.

Dated this ____ day of December 2013.


_____
DAN ROBINSON
MAGISTRATE


*If you want to appeal this Final Decision, file a Complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your Complaint must be submitted within <u>60</u> days after the date of the Final Decision or this Final Decision cannot be changed.*

*This document was signed by Magistrate Dan Robinson on December 3, 2013. The Court filed and entered this document on December 3, 2013.*